On Application for Rehearing.
The opinion of the Court was delivered by
Bermudez, C. J.
The correctness of the judgment rendered in this case is assailed on three different grounds:
The Court is charged with error:
1. In not remanding the cause for a trial, after legal notice of the exceptions filed by the defendant to the supplemental petition of plaintiff.
2. In not remanding the cause for a trial on the merits, because of illegal charge given by the Judge to the jury.
3. In considering as proved, facts which the evidence in the record does not establish.
L
The exception was fixed for trial for the 24th of February, 1880, at 11 o’clock, a. m., by motion made in open court, on the 20th of the same month. The sheriff’s return shows that a notice of trial was served on the first named day, but it does not give the hour. The brief of defendant’s counsel admits that the notice was served, at the office of one of them on the same morning, but is silent as to the time of day. It is therefore clear that, on the 24th, in the morning, knowledge of the fixing of the exception had been legally communicated to the counsel. The record does not show that any motion was made .on that day, questioning the regularity of the trial, or the correctness of the ruling made dismissing the exception. On the following day, the 25th, counsel for plaintiff moved for a default, which was granted. Neither do the minutes of that day, nor those of the 26th, nor those of the 27th, or of the 28th, show the taking of any rule to set aside the default and to reinstate the exception for want of timely notice. On the third judicial day following that on which the default was rendered, and hence, on the fourth after the overruling of the exception, instead of protesting against the double action of the Judge, so vehemently charged with illegality, the defendant, by counsel appeared into court and moved to set the default aside, which was accordingly done, on his filing an answer to the supplemental petition, an answer which covers ten pages of the transcript, and which contains charges the more scandalous and outrageou's, as they are, altogether unsupported by any evidence, and stain the record of the case, to the actually avowed mortification of counsel.
*308 The case came up for trial on its merits on the 17th of June. It progressed on the 18th, and on the 19th, when the jury, after a short absence, returned a verdict in favor of plaintiff, with a right to the custody of the children. The court, satisfied with the verdict, rendered judgment upon it accordingly, which, after a fruitless attempt for a new trial, was signed on the 1st of July following.
Thirty days later, viz : on the 31st of July, defendant’s counsel j>resented to the District Judge a bill of exception for signature, in which tho facts appearing of record are stated.
This proceeding, which' was submitted to opposite counsel, does not show that the counsel interposed any objection to the trial of the exception, either before or after it was disposed of, previous to joining issue.
We agree with counsel for defendant, that this bill was ontirely sirperfluous for the purposes for which it was taken, as it was a mere repetition of facts disclosed by the record. Had it been proposed to show seasonable objection to such trial, touching which tho record is reticent, it might have been a useful proceeding. It could produce, and has had no legal effect, save to show that no objection was made to the trial so much complained of.
We agree likewise with the same counsel, that on appeal, the ruling of the Judge dismissing the exception, without timely service of a notice of trial, might have been successfully assailed, but in two instances only, however, the first, if the exception had been one of merit, the second, if the defendant had not acquiesced in the time of trial, by filing an unguarded answer, and by moving to set aside the default.
In this case, in the absence of a rule to reinstate tho exception and of any defense in this Court of the exception on its merits, we were bound to consider that the mode of trial had been acquiesced in, and that the exception had been abandoned. We therefore did not err in refusing to set aside the ruling dismissing the exception, and to remand the case for a new trial of that preliminary defense.
II.
The next complaint is, that because of tho illegal charge given by the Judge to the jury, the case should have been sent back.
We might have abstained from expressing any opinion, however correct it be, on the legality or illegality of the charge in question, as that question had not been submitted to our consideration, in the manner and form pointed out by law, but had been brought to our notice by an irregular and vicious proceeding.
The well established rule of civil practice is, that the party who *309 objects to the ekarge, in whole or in part, given by the Judge to the jury, must do so before the cause is submitted to, and is in the hands of the jury. Where this is not done, the law infers an acquiescence, which operates as a bar to a subsequent agitation of the correctness of the charge.
This rule was not followed in the present instance. The record is absolutely reticent on the subject. The only objections which appear to have been made, are such as are found in the motion for a new trial and in a bill of exception filed on the 31st of July, some forty days after the charge was given, which does not allege that such bill was, at the time, reserved to such charge ; which does not show that it was previously submitted to opposite counsel or was read in open court in the presence of such counsel. Rills thus taken and presented, are not entitled to consideration by the Appellate Court, and the errors complained of therein cannot be reviewed.
III.
The third and last charge of error is, that this Court has considered as proved, facts which were not established on the trial of the case.
We have taken the pains of again wading through the 290 pages of this transcript. We have weighed all the testimony adduced. We have relieved the defendant from the first grave charge imputed against him, but have considered, with the jnry and with the District Judge, who endorsed their verdict, and who refused a new trial, that under the deplorable circumstances elicited and the law controlling the ease, the plaintiff was entitled to the relief for which she was craving and which had been allowed her.
In passing upon questions of such intense delicacy as have been raised and submitted in this unfortunate controversy, we .are happily not actuated by the violent feelings of sjmipathy which too frequently cloud the intelligence of counsel.
In the brief presented in this case for the defendant, we have been compelled to observe a forgetfulness of those rules of propriety and deference which a proper appreciation of the relations between court and counsel requires the latter to observe when they address those who are bound, by solemn obligations, to administer justice with impartiality and to the best of their knowledge and ability.
We are actuated by no pride of opinion, and are ever anxious to leaim and to correct any errors into which, under pressure of onerous labors, we know we are liable to fall.
But counsel who, in the exercise of the sacred right guaranteed to their clients, suggest such errors, must do so in language considerate, measured and dignified. Exaggerated statements, declamatory epi *310 tliets and offensive aspersions of either the diligence or judgment of the Court, are suggestive of equivocal respect and will not he tolerated.
In the present instance, we have constrained ourselves to overlook the fault of counsel, for whom we have always entertained respect, and to attribute it to other motives thán intentional discourtesy.
We trust we shall not again be called upon to act on such a case.
The application for a rehearing is refused.